UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON ADAMS, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:21-cv-2505-JPH-TAB |
| | ) |
| MARK MILLER, *et al.*, | ) |
| | ) |
|         Defendants. | ) |

### *AMENDED* COMPLAINT FOR
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
(Violation of First Amendment Rights)

Plaintiff Brandon Adams, by counsel, brings this action against the named capacity Defendants pursuant to 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for unlawfully infringing his right to freedom of speech, as guaranteed and protected by the First Amendment to the United States Constitution, while acting under color of state law.

### II.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Brandon Adams ("Adams") is a citizen of the United States, and at all relevant times, has resided in Kokomo, Indiana, within the geographic boundaries of the Southern District of Indiana.

2. Defendant Mark Miller ("Miller") is a Building Inspector and Code Enforcement Officer in the Kokomo Division of Building and Code Services, and at all relevant times, performed his duties within the geographic boundaries of the Southern District of Indiana.

3. Defendant Greg Sheline ("Sheline") is the Executive Director of the City of Kokomo - Howard County Plan Commission, and at all relevant times performed his duties within the geographic boundaries of the Southern District of Indiana.

4. Defendant Tyler O. Moore ("Moore") is the Mayor and executive of the City of Kokomo, Indiana, and at all relevant times has held that office, and exercised his duties within the geographic boundaries of the Southern District of Indiana.

5. Bob Cameron ("Cameron") is a citizen of the United States, and at all relevant times has resided in the City of Kokomo, within the geographic boundaries of the Southern District of Indiana.

6. The City of Kokomo is a political subdivision of the State of Indiana, and is located in Howard County, Indiana, within the geographic boundaries of the Southern District of Indiana.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202.

8. All events giving rise to this action occurred in within the geographic boundaries of the Southern District of Indiana, making venue proper in this Court.

## II. Factual Allegations

9. Adams owns a home at 111 Kingston Road in Kokomo, Indiana.

10. On or about September 9, 2021, following President Joe Biden's announcement of a federal mandate requiring most Americans to receive the COVID-19 vaccine, Adams, in protest against the President's actions, hang a 3' x 5' flag on the side of his home.

11. The sign contained the following words:

**"F**K BIDEN and f**k you for voting for him"**

12. Shortly after Adams posted the sign, his neighbor, former Kokomo City Councilman Bob Cameron ("Cameron"), appeared at Adams' house.

13. Although Adams was not home, his girl friend, Elisha Collins ("Collins") was.

14. Collins also lives at Adams' home.

15. Cameron asked Collins if Adams was home.

16. Collins informed Cameron that Adams would be home shortly, but that they would be leaving very shortly after he returned home.

17. Cameron advised Collins that she and Adams must take down the sign.

18. Throughout his conversation, Cameron repeatedly referred to the fact that he was a former member of the City Council, and that he "knew the law."

19. On information and belief, the "law" Cameron referred to was Article Six, Section 6.34 (E)(p) of the Kokomo Zoning Ordinance ("Sign Ordinance"), which prohibits "signs which contain statements, words, or pictures of an obscene, indecent, or immoral character, such as will offend public morals or decency."

20. On or about September 10, 2021, Adams received a letter from Sheline, who is also a neighbor and a former City Councilman.

21. Sheline's letter stated that "[his office was] receiving complaints about the Biden sign on your house.  Per our zoning ordinance that type of signage is prohibited and needs to be removed immediately."  Sheline enclosed a copy of the Sign Ordinance.

22. On or about September 16, 2021, Adams received an official "Abatement Notice" (i.e., order) signed by Mark Miller.

23. The Abatement Notice stated that Adams was in violation of Kokomo Code of Ordinances § 99.02 (the Sign Ordinance).

24. Specifically, the Abatement Notice stated "Structures defaced with paint, graffiti or wording" and contained the comment "CHILDREN AND PARENTS VISITING THE SEIBERLING MANSION OBSERVED THE FLAG AND WE CANNOT ALLOW THE PROFANITY TO BE PUBLICLY DISPLAYED."

25. The Abatement Notice informed Adams that if the sign were not removed within ten days, Adams would be subject to fines of "between $100.00 and $1,000.00 per day as the violation continues."

26. The Abatement Notice further stated that the City would remove the flag if it was not taken down, and the costs would be assessed against Adams, and would result in a lien against his property.

### III. Legal Allegations

**Cause of Action for Declaratory and Injunctive Relief
(First Amendment Violation)**

27. Plaintiff restates each and every allegation in the preceding paragraphs as though fully set forth herein.

28. The First Amendment to the United States Constitution, made applicable to the States by the 14th Amendment, prohibits the government from "abridging the freedom of speech[.]" U.S. Const. Amend. I.

29. The flag Adams has chosen to display does not "fall within those relatively few categories of instances where prior decisions have established the power of government to deal more comprehensively with certain forms of individual expression simply upon a showing that such a form was employed." *Cohen v. California*, 403 U.S. 15, 19–20 (1971).

30. Adams' flag is *not* obscene, because it is not erotic. *Id.*, at 20.

31. Moreover, Adams first displayed his flag as a protest against the President's proposed vaccine mandate, and is therefore core political speech, which is afforded the broadest protection by the First Amendment. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 346 (1995).

32. The Sign Ordinance, as applied to *political* speech, is facially invalid.

33. Forcing Adams to remove his flag, which is core political speech, and ***not*** one of the "relatively few categories" of speech" specifically exempt from First Amendment protection, would chill Adams' – as well as other citizens' – political speech.

34. "[A] statute which chills speech can and must be invalidated where its facial invalidity has been demonstrated. *Citizens United*, 558 U.S. at 336.

35. Adams has no adequate remedy at law that will prevent the silencing of his voice during the vaccine debate.

WHEREFORE, Plaintiff Brandon Adams, by counsel, respectfully prays that the Court provide him with the following relief:

36. Enter a temporary and preliminary injunction preventing Defendants from applying Section 6.34 (E)(p) of the Sign Ordinance to signs or other displays constituting political speech;

37. Enter a declaratory judgment that Section 6.34 (E)(p) of the Sign Ordinance is unconstitutional as applied to political speech;

38. Enter an order permanently enjoining Defendants from applying Section 6.34 (E)(p) of the Sign Ordinance to signs or other displays constituting political speech;

39. Award Plaintiff such costs and attorney fees as allowed by law; and

40. Grant Plaintiff such other and further relief as the court deems appropriate.

Respectfully submitted,

  *s/  Jay Meisenhelder*
Jay Meisenhelder, Atty No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite D40
Indianapolis, IN  46214
Office Telephone:	317/231-5193
Direct Telephone:	317/899-9220
Facsimile Number:	317/982-5463

          Email Address:  jaym@ecrls.com

## **CERTIFICATE OF SERVICE**

 I certify that on November 19, 2021, the foregoing was filed electronically.  Copies will be sent  to all counsel of record by operation of the Court's ECM/CF system.

           *s/   Jay Meisenhelder*