UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02505-JPH-TAB |
| | ) | |
| MARK MILLER, | ) | |
| GREG SHELINE, | ) | |
| TYLER O. MOORE, | ) | |
| CITY OF KOKOMO, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPROVING CONSENT JUDGMENT
AND GRANTING STIPULATION OF DISMISSAL**

This case involves Brandon Adams's First Amendment challenge to the enforcement of a City of Kokomo ordinance regulating the content of signs. City officials sent Mr. Adams notices ordering him to take down a flag displayed on his property, but Mr. Adams refused to do so. Mr. Adams then filed a motion for preliminary injunctive relief. Before the Court ruled on that motion, the parties reached an agreement to maintain the status quo and then to agreed terms of dismissal of the case. In this order, the Court approves the parties' stipulated dismissal of the case.

**I.
Background**

Plaintiff Brandon Adams alleged that Mark Miller, Greg Sheline, Tyler O. Moore, Bob Cameron, and the City of Kokomo ("Defendants") violated his right to freedom of speech under the First Amendment to the United States

1

Constitution. Dkt. 31 at 1.[1] Specifically, Mr. Adams alleged that after he hung a flag containing a political message from the side of his home, Defendants ordered him to take it down. *Id.* at 2–3. As legal authority supporting the demand, Defendants cited a city ordinance that prohibits "signs which contain statements, words, or pictures of an obscene, indecent, or immoral character." ("sign ordinance") *Id.* at 2–3.

The parties agreed to maintain the status quo, dkt. 18, and later filed a Stipulation of Agreed Entry stating that "[t]he City of Kokomo will take no further action against Mr. Adams relating to the flag on his property that says, 'Fuck Biden and fuck you for voting for him,'" dkt. 37 at 1. The Agreed Entry further states:

> Consistent with the United States Supreme Court decision in *Cohen v. California*, 403 U.S. 15, 18 (1971), the City lacks the power to punish or take any legal action against Adams or any other person for the content of the message on a flag that says, "Fuck Biden and fuck you for voting for him." So long as there is no showing of an intent to incite disobedience or disruption the First and Fourteenth Amendments prohibit the City from punishing, in any way, Mr. Adams or any other person for displaying such a flag.

*Id.* at 1–2.

Along with filing the Agreed Entry, the parties filed a stipulation to dismiss the case with prejudice. Dkt. 38. But the parties specified that their agreement to dismiss the case was conditioned on the Court's approval of the Agreed Entry. *See* dkt. 37 at 2. Because the Court cannot retain jurisdiction

---

[1] Bob Cameron was later dismissed from the case by stipulation of the parties. Dkts. 33, 35.

to enforce a Consent Judgment after the case has been dismissed with prejudice, the parties were given an opportunity to refile a stipulation to dismiss without prejudice. *See* dkt. 39. The parties did not file anything in response. For the reasons discussed below, the proposed Consent Judgment is **APPROVED** and **ENTERED**, dkt. [37], and the Court will not retain jurisdiction to enforce it.

## II.
## Analysis

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A "consent decree proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which the complaint was based.'" *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

Here, based on its substance and context, the Court construes the Agreed Entry, dkt. 37, as a proposed Consent Judgment. *Cf. Shakman v. City of Chicago*, 426 F.3d 925 (7th Cir. 2005). The Court finds that the proposed Consent Judgment satisfies each of the *Local No. 93* factors. First, Mr. Adams's complaint alleging an impending First Amendment violation comes within the Court's subject matter jurisdiction. *See* 42 U.S.C. § 1983 (federal question jurisdiction). Second, the Consent Judgment's remedies—prohibiting

Defendants from enforcing the sign ordinance against Mr. Adams—come with the scope of the case. Dkt. 31 at 2–5. Third, the Consent Judgment will further the objectives of the First Amendment by allowing Mr. Adams to continue to express his political beliefs without fear of prosecution under the sign ordinance.

The Court next considers whether the proposed Consent Judgment is "lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiff's case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation, the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Hiram Walker & Sons, Inc.*, 768 F.2d at 889–90.

Here, the proposed Consent Judgment is lawful, fair, reasonable, and adequate. It is narrowly tailored to prohibit Defendants from enforcing the sign ordinance against Mr. Adams or any other individual displaying a flag identical to the one displayed by Mr. Adams. Both parties have been represented by counsel throughout the proceedings and agree to the Consent Judgment. *See* dkt. 37 at 2. And although the Consent Judgment was filed early in the

litigation, the record gives no indication that greater discovery would aid in the resolution of this case. The Court therefore approves the Consent Judgment as lawful, fair, reasonable, and adequate.

### III.
### Conclusion

For the reasons discussed above, the proposed Consent Judgment is **APPROVED** and **ENTERED**. Dkt. [37]. The parties' stipulation of dismissal with prejudice is **GRANTED**. Dkt. [38]. Judgment consistent with this ruling shall issue separately.

**SO ORDERED.**

Date: 2/16/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Kenneth Jude Kleppel
KIGHTLINGER & GRAY, LLP
kkleppel@k-glaw.com

Marcia A. Mahony
KIGHTLINGER & GRAY, LLP (Indianapolis)
mmahony@k-glaw.com

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com